Dear Chief Thomas:
You ask this office to advise whether you still retain your position as appointed chief of police for the Town of Richwood, in light of recent actions taken by the Board of Aldermen.
At the outset, we note that the Town of Richwood is a Lawrason Act municipality, governed by the provisions of R.S. 33:321, et seq. The municipal officers in a Lawrason Act municipality are provided for in R.S. 33:381, and Subpart (C)(4) of that statute states "the chief of police of the Town of Richwood shall not be elected at large but shall be appointed by the mayor with the approval of the board of aldermen."
Turning to the circumstances surrounding your appointment, the minutes of the October 16, 2008 meeting of the board of aldermen of the Town of Richwood reflect that the Mayor and four of the five members of the board of aldermen were in attendance, establishing a quorum under R.S.33:405(E).[1] The matter of the appointment of a new chief of police was not on the agenda; however, R.S. 42:7[2] permits a public body to take up a matter not on the agenda, where there is *Page 2 
the "unanimous approval of the members present at a meeting of a public body". The minutes reflect a motion was made and seconded to place the matter of the appointment of a new chief of police on the agenda, and with no other objection, the board proceeded to discuss the issue. The minutes further reflect that your name was brought up as the candidate for the position; no other person was discussed for the job. In this meeting you were asked if you would accept the position if nominated, and you replied in the affirmative. The minutes further reflect the board approved your appointment by the unanimous vote of the four members present.
On October 23, 2008, the Mayor forwarded a letter to the parish clerk of court, informing him of your appointment as chief of police, stating "you are hereby authorized to swear him in as Chief of Police for the Town of Richwood, Louisiana."
We have not been provided a copy of the minutes of the meeting held November 20, 2008; however, based on the facts as related in your letter, the Mayor and all five board members were in attendance. The fifth member of the board (absent from the October 16, 2008 meeting) motioned to terminate you as chief of police, alleging your lack of certification. All five members voted to terminate you, over the Mayor's objection.
On December 2, 2008, the board of aldermen held a special meeting to fill the position of "police administrator", a position created under an ordinance enacted by a previous administration. The position of police administrator is given "equal powers" of the chief of police. At this meeting, the Mayor refused to fill the position, and the meeting was adjourned.
It appears that your appointment at the October 16, 2008 meeting was effected in a manner consistent with state law. The board considered the matter of your hiring upon compliance with the agenda amendment procedure of R.S. 42:7. Further, the minutes of that meeting reflect that the Mayor had approached you concerning the position prior to the meeting, indicating that you were his choice for the appointment, and the members present voted unanimously in favor of your appointment, as required by R.S. 33:381 (C)(4).
The statutory provisions relevant herein reflect that the board of aldermen lacks authority to unilaterally remove an appointed chief of police. This duty is specifically delegated to the mayor by R.S.33:404(A)(3), with the caveat that the mayor's decision regarding the removal of a nonelected chief of police is subject *Page 3 
to the approval of the board of aldermen, though in a tie situation, the mayor's recommendation prevails. See R.S. 33:404(A)(3).[3]
We find the case of In re Dismissal of Jordan, 25,375 (La.App. 2 Cir. 1/19/94); 631 So.2d 57 addresses the issues raised by the facts related. In Jordan, the board of aldermen of the City of Winnfield voted to terminate the appointed chief of police, while the mayor did not participate in that decision. The court reinstated the chief of police, holding "the board of aldermen is not empowered to act alone in removing a nonelected chief of police." See Jordan, supra, at page 61. The court in Jordan further rejected the district court's determination that the recommendation or concurrence of the mayor was not required for the removal of a nonelected chief of police, holding "we cannot agree with this line of reasoning in light of the clear import of LSA-R.S.33:404(A)(3) . . ." See Jordan at page 60.
Based upon the decision rendered in In re Dismissal of Jordan, only the Mayor is empowered to remove you from your position. The board's unilateral action to terminate you, over the objection of the Mayor, is insufficient to remove you as the duly appointed chief of police. It is the opinion of this office that you continue to legally hold the position of appointed chief of police for the Town of Richwood.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 33:405(E) provides:
(E) A majority of the members of the board of aldermen shall constitute a quorum of the board at any meeting, whether regular, special or
emergency.
[2] Former R.S. 42:7 required the two-thirds vote of the members present to amend the agenda; R.S. 42:7 was changed by Act 131 of the 2008 Louisiana Regular Legislative Session to require the unanimous vote of the members present to amend the agenda. The effective date of the Act was June 6, 2008. R.S. 42:7(A)(1)(b)(i) and (ii) now provide, in pertinent part:
A. (1)(b)(i) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours before the meeting.
(ii) Such notice shall include the agenda, date, time, and place of the meeting, provided that upon unanimous approval of the members present at a meeting of a public body, the public body may take up a matter not on the agenda. . . .
[3] R.S. 33:404(A)(3) provides in part:
404. Duties of mayor
A. The mayor shall have the following powers, duties, and responsibilities:
(3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police. However, appointment or removal of a nonelected chief of police, the municipal clerk, the municipal attorney, or any department head shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail. . . .